# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SAMMY O. SMITH                                                                                          PETITIONER

v.                                    NO. 5:09CV00045 JMM/HDY

LARRY NORRIS, Director of the                                                                RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and partial recommendation have been sent to United States District Judge James M. Moody. Any party may serve and file written objections to these findings and partial recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS.  In 2000, a Desha County, Arkansas, Circuit Court jury convicted petitioner Sammy O. Smith ("Smith") of first degree murder and sentenced him to the custody of respondent Larry Norris ("Norris").  Smith appealed his conviction to the Arkansas Court of Appeals.[1]  The state Court of Appeals found no reversal error and affirmed the conviction.  See Smith v. State, 2001 WL 1298865 at 1 (Ark.App. October 24, 2001).  On November 14, 2001, the mandate was issued.

On January 14, 2002, Smith filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.  The petition was denied, and he appealed.[2]  The Arkansas Supreme Court found no reversal error and affirmed the denial of his petition.  See Smith v. State, 2006 WL 302235 at 1 (Ark. February 9, 2006).  By operation of law, the mandate was issued on the day the state Supreme Court filed the opinion affirming the denial of his petition, or February 9, 2006.

---

[1] He advanced the following grounds for reversal: "the [state trial] court erred in (1) denying his motion for directed verdict, and (2) allowing a police investigator to testify as to why [the investigator] did not arrest [Smith's] ex-wife as a suspect."  See Smith v. State, 2001 WL 1298865 at 1 (Ark.App. October 24, 2001).

[2] He advanced the following grounds for reversal: (1) "trial counsel's failure to object to [the] admission of certain photographs was ineffective assistance of counsel, and because the photos were false evidence, the admission violated [Smith's] right to due process;" and (2) "trial counsel was ineffective for failure to call certain witnesses to testify as to the murder weapon's tendency to cause an injury on firing."  See Smith v. State, 2006 WL 302235 at 1 (Ark. February 9, 2006).  "Within [Smith's] first [ground], he assert[ed] that the admission of the evidence, without any further inquiry as to prejudicial effect, should require reversal, and, alternatively, that the admission of the evidence was not harmless error and undermined confidence in the outcome of the trial."  See Id.

<u>FEDERAL COURT PROCEEDINGS</u>. On January 23, 2009, Smith signed his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254; the petition was filed by the Clerk of the Court for the United States District Court, Eastern District of Arkansas, on February 13, 2009.[3] Norris thereafter submitted a response to the petition in which he maintained, <u>inter alia</u>, that it is barred by limitations.[4] Before giving serious consideration to Norris' assertion, the Court invited Smith to explain why his petition should not be dismissed. He was specifically asked to address, <u>inter alia</u>, Norris' assertion that the petition is barred by limitations. Although invited to do so, Smith filed nothing and the time for doing so has now passed.

---

[3] In the petition, Smith made several assertions, all of which appear to involve challenges to the sufficiency of the evidence. They were as follows:

(1) "When I was arrested, they could not match the bullet to my weapon; there were 2 of us there and I was past out."

(2) "They did not take finger prints from the weapon to match to me."

(3) "They showed the wrong truck in the court proceedings; the truck was not mine."

(4) "When the witness was dying, she told her relative she did it. The witness in the case was on her death bed, [and] she told her niece she was the one who committed the murder."

(5) "The validity of the witness. There never was a background check of the witness to see if she had cause; she was also there at the time of the crime."

<u>See</u> Document 1 at 4-5.

[4] Norris maintained that Smith did not file his petition within the one year period that should be calculated in the following manner: (1) that commenced on November 15, 2001, or the day after the mandate was issued in his direct appeal, and continued through January 14, 2002, or the day he filed a petition for post-conviction relief; (2) that was tolled during the pendency of his post-conviction proceeding; (3) that re-started on February 10, 2006; and (4) that expired on or about December 10, 2006.

The undersigned has throughly reviewed the pleadings and exhibits submitted by the parties. On the basis of the review, the undersigned makes the following findings and recommendation.

<u>LIMITATIONS</u>. A state prisoner has one year during which he must commence a proceeding pursuant to 28 U.S.C. 2254. If he fails to commence the proceeding within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events that trigger the commencement of the one year period.[5]

Applying the provisions of 28 U.S.C. 2244(d) to the summary of state and federal court proceedings outlined above, it is clear that the applicable limitations period in this proceeding began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." <u>See</u> 28 U.S.C. 2244(d)(1)(A). No other sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable. Given that finding, the undersigned turns to consider when Smith's conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review."

---

[5]

28 U.S.C. 2244(d)(1) provides that the one year period commences from the latest of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. 2244(d)(2) provides that the one year period is tolled during the time in which a "properly filed" petition for post-conviction relief is pending.

The mandate in Smith's direct appeal was issued on November 14, 2001. The undersigned will by-pass the oftentimes difficult question of whether he could have petitioned the United States Supreme Court for a writ of certiorari and simply assume that he could have.[6] Thus, his conviction was not final with the issuance of the mandate in his direct appeal and the limitations period would not have commenced.

During the period in which Smith could have petitioned the United States Supreme Court for a writ of certiorari, he filed a state trial court petition for post-conviction relief. The commencement of that proceeding prevented the commencement of the limitations period. See 28 U.S.C. 2244(d)(2). The post-conviction proceeding was resolved on February 9, 2006, when the state Supreme Court affirmed the denial of Smith's petition. By operation of law, the mandate was issued on the day the state Supreme Court filed the opinion affirming the denial of his petition, or February 9, 2006. See Arkansas Supreme Court Rule 5-3(b). It appears that he pursued no other avenues of relief in state court.

---

[6]

With regard to that question, see Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008), abrogating a portion of Nichols v. Bowersox, 172 F.3d 1068 (1999) (because defendant's direct appeal concluded at state intermediate court and he never sought review by Missouri Supreme Court, United States Supreme Court could not have reviewed his appeal and the ninety day period for seeking a writ of certiorari did not toll the one year limitations period); Ben-Yah v. Norris, 570 F.Supp.2d 1086 (E.D.Ark. 2008) (because defendant's direct appeal concluded at state intermediate court and he never sought review by Arkansas Supreme Court, United States Supreme Court could not have reviewed his appeal and the ninety day period for seeking a writ of certiorari did not toll the one year limitations period. But see Collier v. Norris, 402 F.Supp.2d 1026 (E.D.Ark. 2005) (although defendant's direct appeal concluded at state intermediate court, he was precluded from obtaining additional review from Arkansas Supreme Court and, as a result, Arkansas Court of Appeals was deemed highest court of Arkansas and one from which he could have sought a writ of certiorari from the United States Supreme Court; the ninety day period for doing so therefore tolled the one year limitations period).

The undersigned finds that Smith's conviction became final on the day the mandate was issued in the post-conviction proceeding. That day was February 9, 2006. He therefore had one year, or up through February 8, 2007, to commence a proceeding pursuant to 28 U.S.C. 2254. Smith signed his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 on January 23, 2009, and the petition was actually filed on February 13, 2009. He clearly did not commence this proceeding within the one year period prescribed by 28 U.S.C. 2244(d), and his petition should be denied unless he can show some other justification for tolling the limitations period. See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007).[7]

The undersigned has examined Smith's submissions and, in doing so, has given them a liberal construction. The undersigned can find nothing in those submissions to justify tolling the limitations period. It appears that he just waited too long to commence this proceeding.

---

[7]

In Finch v. Miller, the Court of Appeals identified the circumstances that will justify tolling the limitations period. They are as follows:

> "To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence, — U.S. —, 127 S.Ct. at 1085 (assuming without deciding that [section] 2244 allows for equitable tolling). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). "Equitable tolling is an exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005).

See Id. at 427-428.

RECOMMENDATION. The undersigned finds that Smith commenced this proceeding outside the one year limitations period established by 28 U.S.C. 2244(d). For that reason, his petition should be denied and this proceeding dismissed. Judgment should be entered for Norris.

DATED this ___4___ day of May, 2009.

                                              UNITED STATES MAGISTRATE JUDGE